# CIRCUIT COURT OF THE CITY OF RICHMOND

Leroy Jones

v.

School Board of the
City of Richmond

August 9, 2001

Case No. HQ-1455

BY JUDGE T. J. MARKOW

Leroy Jones, a teacher and former head basketball coach at Huguenot High School, appeals from the July 2, 2001, decision of the School Board of the City of Richmond that the termination of his one-year coaching contract was not grievable. The primary issue for the court's consideration is whether or not Mr. Jones waived his right to a timely decision on grievability by the School Board.

The statute governing grievability in the instant case is Va. Code § 22.1-314 which states in relevant part, "Decisions regarding whether or not a matter is grievable shall be made by the school board . . . and such decision shall be made within ten days of such request." The Richmond Public Schools' Administrative Procedures provide that, if the School Board fails to make its determination within the prescribed period, then the grievant is entitled to proceed as if the matter were grievable.

The transcript of the meeting of the School Board of July 2, 2001, indicates that Mr. Jones appealed the issue of grievability to the School Board on June 14, 2001. Ten days from that date was June 24, 2001; therefore, the School Board's July 2nd decision obviously fell outside the prescribed period.[1] The School Board argues that by agreeing to have the matter heard on

---

[1] Counsel for the School Board indicated at the hearing before this court that the ten-day period ran on June 28, 2001. Regardless of whether the School Board had

July 2nd and by attending the meeting of the same date that Mr. Jones waived the requirement that a decision be rendered within ten days. Mr. Jones denies that there was any waiver.

The only evidence before the court is a letter dated June 25, 2001, from Mr. Jones' counsel to the School Board's counsel and the transcript of the hearing. The letter states only that Mr. Jones will attend the July 2nd School Board meeting to present argument on grievability and does not contain any references to waiver. On pages 9, 11, 13, and 16 of the transcript of the meeting, Mr. Jones' counsel explicitly states that he did not waive the ten-day requirement.

In cases involving waiver, the party who relies on the doctrine must prove that there was a waiver by "clear, precise, and unequivocal evidence." *Utica Mut. Ins. Co. v. National Indem. Co.*, 210 Va. 769, 773 (1970). Although the court realizes that waiver may be inferred from a person's conduct, the School Board has failed to prove by clear and unequivocal evidence that there was a waiver by Mr. Jones of the ten-day requirement. As such, the decision by the School Board that Mr. Jones' complaint was not grievable was not timely and, pursuant to the Richmond Public Schools' Administrative Procedures, Mr. Jones is permitted to proceed with the grievance process as if a determination of grievability had been made.

It is hereby ordered that the School Board of the City of Richmond allow Leroy Jones to proceed with the next step in the grievance process as provided by the Code of Virginia and the Richmond Public Schools' Administrative Procedures. The School Board's objections are noted.

---

until June 24th or June 28th to render a decision, its decision of July 2nd was not timely.